IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.  Case No. 4:20-CR-00322-BRW
    4:24-CV-00605-BRW

THOMAS THORNTON

**ORDER**

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 77) is DENIED.

**I.   BACKGROUND**

On December 15, 2021, a jury found Defendant guilty of being a felon in possession of a firearm, possessing with intent to distribute methamphetamine, and possessing a firearm in furtherance of a drug trafficking offense.[1] He was sentenced to 300 months in prison.[2] On August 4, 2023, the Court of Appeals for the Eighth Circuit affirmed Defendant's conviction and sentence, and noted the following background:

> In August 2020, Officer James Morris of the Little Rock Police Department initiated a traffic stop after observing a vehicle driving left of the road's center on a road lacking lane markings. After stopping the vehicle, Officer Morris identified the driver as Thomas Thornton. He then discovered an active arrest warrant for Thornton and waited for backup. Once Officers Corey Hall and Devon Colclough arrived, Officer Colclough conducted a pat-down search. At some point before the pat-down, Officer Joshua Pettit also arrived on the scene. Officer Colclough, while conducting the pat-down search, felt what seemed to be a firearm in Thornton's waistband. Officer Colclough yelled "gun," after which Thornton attempted to flee. The four officers followed in pursuit. Within roughly ten feet, Thornton's path was blocked by a ditch and a chain-link fence. With nowhere to run, Thornton complied with the officers' orders as they apprehended him and retrieved what was indeed a firearm on his person.

---

[1] Doc. Nos. 33, 46.

[2] Doc. No. 61.

Once Thornton was in custody, Officer Pettit decided to walk his K-9 police dog around Thornton's car "for practice." The K-9 alerted Officer Pettit to something in the driver's side door. The officers searched the vehicle and found methamphetamine and other drug-related contraband.[3]

The Eighth Circuit affirmed Defendant's conviction and sentence.

Defendant filed a § 2255 motion asserting several claims of ineffective assistance of counsel and other issues.[4]

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his lawyer's performance fell below an objective standard of reasonableness.[5] He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[6]

Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[7] A defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[8]

---

[3] Doc. No. 71.

[4] Doc. No. 77.

[5] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[6] *Id.* at 690.

[7] *Id.*

[8] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

If a defendant establishes deficient performance by counsel, he still must establish prejudice.[9] This requires a defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[10]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Defendant fails to establish either part of this test, I need not consider the remaining part of the test.[11]

Defendant asserts that his lawyer made an inaccurate prediction about his sentence exposure if he were to go to trial. A lawyer's incorrect sentence prediction is insufficient to establish deficient performance.[12]

Defendant contends that his lawyer failed to investigate the circumstances surrounding the instant offense and potential defenses to the crime. Without more, this conclusory statement does not support an ineffective assistance claim.[13] Obviously, Defendant's lawyer investigated the circumstances, as evidenced by the issues he presented to the jury during trial.

Defendant argues that his lawyer advised him to plea guilty without discussing defenses to the charges. Defendant went to trial, so there is no prejudice.

---

[9] *Strickland*, 466 U.S. at 694.

[10] *Id*. ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome.").

[11] *Stephen v. Smith*, 963 F.3d 795, 800 (8th Cir. 2020).

[12] **Error! Main Document Only.***United States v. Nesgoda*, 559 F.3d 867, 770 n.2 (8th Cir. 2009) ("Counsel's incorrect estimate of a sentencing range was not ineffective assistance of counsel.") (citing *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994)); *United States v. Sweeney*, 878 F.2d 68, 70 (8th Cir.1989) (district court affirmed where counsel predicted U.S.S.G. range of 21–27 months, but court found range of 51–63 months and sentenced defendant to 57 months).

[13] *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir.2001) (conclusory allegations are insufficient to establish ineffective assistance).

Defendant claims he would have taken the plea offer if he had known he was exposed to a "minimum of 360 months" by going to trial rather than 180 months if he were to plead guilty. First, this is not an accurate statement, because there was no statutory minimum of 360 months by choosing to go to trial.  Additionally, pleading guilty would not have resulted in 180-month sentence.  The statutory minimums were 180 months on Count 1 and a consecutive 60 months on Count 3.  Finally, even assuming there was deficient performance, to establish the prejudice prong, Defendant "must show that, but for his counsel's advice, he would have accepted the plea. Defendant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised."[14]  He has not met this burden.

Defendant argues that his lawyer was ineffective because he failed to request a video of the traffic stop.  There was no video of the traffic stop.

Defendant contends that he asked his lawyer to file a motion to suppress, but his lawyer did not believe the motion was warranted.  The motion to suppress would have been related to the reasons for the initial traffic stop.  The arresting officer says he stopped Defendant because he believed defendant crossed the center of the road into oncoming traffic.  Presumably, Defendant disagrees that he committed a traffic violation.  "Even if the officer was mistaken in concluding that a traffic violation occurred, the stop does not violate the Fourth Amendment if the mistake was an objectively reasonable one."[15]  As noted previously, there was no video of the traffic violation.  Defendant's bare bones allegations provided "no reasonable probability that a

---

[14] *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

[15] *United States v. Herrera-Gonzalez*, 474 F.3d 1105, 1109 (8th Cir. 2007) (cleaned up).

motion to suppress would have succeeded" which means "his lawyer's declining to file one fell within the wide range of reasonable professional assistance."[16]

Next, Defendant contends that his lawyer should have objected to him being sentenced under the ACCA.  Defendant had six convictions for possession with intent to deliver drugs, one for residential burglary, and one for robbery, qualifying him as an armed career criminal.  A lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[17]

### B. Other Claims for Relief

Defendant asserts a claim for prosecutorial misconduct basted on the Assistant United States Attorney allegedly eliciting false testimony about the video of the traffic stop being erased.  First, Defendant's lawyer cross-examined the witnesses on this topic and was able to make whatever points he could about the absence of a video.  Second, Defendant's conclusory statements that the Assistant United States Attorney intentionally elicited false testimony is insufficient to support a claim.

Defendant argues that he was incorrectly sentenced.  Assuming this argument is properly made in the pending petition, it is meritless.[18]  Though his Guidelines range was calculated to be 360 months to life, Defendant received a downward departure to 240 months (Counts 1 and 2) and a mandatory, consecutive 60 months (Count 3).

---

[16] *United States v. Canamore*, No. 4:16-CR-264-DPM, 2019 WL 7169824, at *1 (E.D. Ark. Nov. 12, 2019) (cleaned up).

[17] *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

[18] See *United States v. Crandall,* 25 F.4th 582, 586 (8th Cir. 2022) ("... a challenge to [the] application of the sentencing guidelines is not cognizable under [Section] 2255"); *Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011) (finding no miscarriage of justice when the sentence was below the statutory maximum, within the initial Guidelines range, and the same sentence could be reimposed were the defendant was granted § 2255 relief).

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 77) is DENIED.

IT IS SO ORDERED this 23d day of August, 2024.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE