# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                          **CASE NO. 4:20-CR-00322-BSM-1**

**THOMAS THORNTON**
**Reg. No. 24768-509**                                                    **DEFENDANT**

### ORDER

Thomas Thornton's motion for compassionate release [Doc. No. 84] is denied because there are not extraordinary and compelling circumstances to warrant early release. *See* 18 U.S.C. § 3582(c)(1)(A).

Thorton was sentenced to 300 months' imprisonment after a jury found him guilty of being a felon in possession of a firearm, possessing methamphetamine with intent to distribute, and possessing a firearm in furtherance of a drug trafficking crime.  Doc. No. 46. Thorton now argues compassionate release is appropriate because his lawyer was ineffective and the prosecution was vindictive.  *See* Mot. at 4, Doc. No. 84.  The motion is denied because Thornton's arguments challenge the validity of his conviction and sentence, which is not a proper ground for compassionate release.  *See United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) ("a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a [28 U.S.C. section] 2255 motion"); *United States v. Crandall*, 24 F.4th 582, 586 (8th Cir. 2022) ("A [defendant] cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead.").

Moreover, the section 3553(a) factors were considered at sentencing and nothing in the record supports a reduction. *See United States v. Ram*, No. 5:13-CR-50045, 2020 WL 3100837, at *3 (W.D. Ark. June 11, 2020) (no reason to revisit section 3553(a) factors when movant has not met his burden of showing extraordinary and compelling reasons to justify early release).

IT IS SO ORDERED this 26th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE